No. 22-3059

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
Jan 23, 2023
DEBORAH S. HUNT, Clerk

MIGUEL CHIQUIRIN-DELGADO, )
)
    Petitioner, )
)
v. ) O R D E R
)
MERRICK B. GARLAND, U.S. Attorney General, )
)
    Respondent. )

Before: GUY, MOORE, and KETHLEDGE, Circuit Judges.

Miguel Chiquirin-Delgado, a native and citizen of Guatemala, petitions for review of a Board of Immigration Appeals ("BIA") order dismissing his appeal from an immigration judge's decision denying his application for cancellation of removal under 8 U.S.C. § 1229b(b)(1). The Attorney General moves to dismiss the petition under the jurisdiction-stripping provision of 8 U.S.C. § 1252(a)(2)(B)(i). Chiquirin-Delgado opposes dismissal, asserting that he raises constitutional or legal claims that are reviewable under 8 U.S.C. § 1252(a)(2)(D).

Chiquirin-Delgado's merits brief frames his challenge to the BIA's hardship ruling in constitutional or legal terms. For instance, he argues that the BIA committed factual errors amounting to errors of law. The Attorney General argues that we lack jurisdiction to review the BIA's hardship ruling because the BIA held, in the alternative, that Chiquirin-Delgado did not merit a favorable exercise of discretion. The Attorney General argues that § 1252(a)(2)(D) is therefore inapt because Chiquirin-Delgado does not "raise[] any constitutional claims or questions

of law related to the agency's denial of cancellation of removal *in the exercise of discretion*." (Motion to Dismiss, p. 11.)

The Attorney General's argument presupposes that the BIA's discretionary ruling is an "adequate alternative basis" for the denial of cancellation. *Abovian v. I.N.S.*, 219 F.3d 972, 979 (9th Cir. 2000) (citation omitted). That interpretation is not necessarily correct. *See Hussam F. v. Sessions*, 897 F.3d 707, 723 (6th Cir. 2018) (per curiam) ("'[W]e may review the non-discretionary decisions that underlie determinations that are ultimately discretionary.' The jurisdiction-stripping provision in 8 U.S.C. § 1252(a)(2)(B)(ii) does 'not extend to non-discretionary decisions upon which the discretionary decision is predicated.'" (quoting *Billeke-Tolosa v. Ashcroft*, 385 F.3d 708, 711 (6th Cir. 2004))); *see also Martinez-Baez v. Wilkinson*, 986 F.3d 966, 972 (7th Cir. 2021) ("[E]ven if the final decision whether to cancel removal is discretionary, legal questions can and do arise along the way."). *But see, e.g.*, *Tomaszczuk v. Whitaker*, 909 F.3d 159, 167 (6th Cir. 2018).

The Attorney General does not directly challenge the bona fides of Chiquirin-Delgado's constitutional or legal challenges to the BIA's hardship ruling in his motion to dismiss. *See Rios-Rios v. Barr*, 787 F. App'x 324, 326 (6th Cir. 2019) ("If a claim 'amounts to nothing more than a challenge to the [agency]'s discretionary and fact-finding exercises cloaked as a question of law,' we have no jurisdiction." (citation omitted)). The merits panel will be better situated to address jurisdiction after the case has been fully briefed.

Accordingly, the motion to dismiss is **REFERRED** to the merits panel.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk