NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0243n.06

Case No. 22-3059

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED
May 31, 2023
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| MIGUEL CHIQUIRIN-DELGADO, | ) |
| Petitioner, | ) |
| v. | ) ON PETITION FOR REVIEW FROM THE BOARD OF IMMIGRATION APPEALS |
| MERRICK B. GARLAND, Attorney General, | ) |
| Respondent. | ) OPINION |

Before: SUTTON, Chief Judge; LARSEN and MURPHY, Circuit Judges.

SUTTON, Chief Judge. The Board of Immigration Appeals rejected Miguel Chiquirin-Delgado's application for cancellation of removal. We deny his petition for review.

Chiquirin entered the United States from Guatemala in 2002. He began to struggle with alcoholism. After he incurred several drunk-driving convictions and served time in jail, immigration authorities started removal proceedings. Chiquirin conceded his removability, and he applied for cancellation of removal based on hardship to his now seventeen-year-old daughter, Anabeti. Anabeti has suffered from post-traumatic stress disorder, depression, and anxiety since Chiquirin spent time in jail. Chiquirin argued that her mental health conditions would worsen exponentially upon his removal.

Unpersuaded, an immigration judge denied the application. The judge found Chiquirin ineligible for cancellation of removal because he did not establish continuous presence in the

United States or exceptional and extremely unusual hardship to Anabeti. The judge alternatively denied cancellation as a matter of discretion in light of Chiquirin's criminal record. For its part, the Board rejected Chiquirin's appeal. It reasoned that Chiquirin had not shown the requisite hardship and that his drunk-driving convictions and other violations weighed against granting discretionary relief. Chiquirin challenges these conclusions on appeal.

"The Attorney General may cancel removal" if a noncitizen establishes (1) continuous physical presence in the United States for 10 years, (2) "good moral character," and (3) the absence of certain convictions, and shows (4) that removal would "result in exceptional and extremely unusual hardship" to a qualifying family member. 8 U.S.C. § 1229b(b)(1). But this showing "only gets a noncitizen so far," *Patel v. Garland*, 142 S. Ct. 1614, 1619 (2022), because cancellation of removal remains discretionary in the end, *Singh v. Rosen*, 984 F.3d 1142, 1147 (6th Cir. 2021).

The discretionary nature of this remedy hems in our authority. *Hernandez v. Garland*, 59 F.4th 762, 763 (6th Cir. 2023). We may review "constitutional claims or questions of law" implicated by the denial of cancellation of removal. 8 U.S.C. § 1252(a)(2)(D). But we may not review "any judgment regarding the granting of relief under" the cancellation of removal statute, *id.* § 1252(a)(2)(B)(i), including underlying findings of fact, *Patel*, 142 S. Ct. at 1627, and other discretionary decisions made along the way, 8 U.S.C. § 1252(a)(2)(B)(ii).

To stay within these guardrails, courts classify "the type of issue" raised in the petition for review, looking to its "*substance*" rather than "the *name* the immigrant places on it." *Singh*, 984 F.3d at 1148–49. Two examples add definition to this line. One: legal questions and mixed questions of law and fact come within our authority, and we thus may review a hardship conclusion by the Board. *Id.* at 1149–50. Two: discretionary and factual issues exceed our authority, and we

thus may not second-guess a discretionary decision by the Board to deny cancellation of removal. *Id.*

The Board denied Chiquirin's application because (1) he failed to establish exceptional and extremely unusual hardship and (2) he had a criminal record that prompted the agency to exercise its discretion to deny cancellation of removal. Each basis provides an independent ground for resolving Chiquirin's petition for review. *See id.* at 1147.

*Hardship.* The hardship requirement demands "evidence of harm" to a noncitizen's qualifying family member "substantially beyond that which ordinarily would be expected to result from" his removal. *In re Monreal-Aguinaga*, 23 I. & N. Dec. 56, 59 (B.I.A. 2001) (emphasis omitted). The Board must consider in the aggregate the age, health, and circumstances of the family member. *Id.* at 63–64. This is an "onerous" standard, *Valdez-Arriaga v. Barr*, 778 F. App'x 380, 383 (6th Cir. 2019), met only "in truly exceptional cases," *Monreal-Aguinaga*, 23 I. & N. Dec. at 59 (quotation omitted). We have not yet settled on the standard of review for the hardship determination, and we need not do so today. *Singh*, 984 F.3d at 1154. Even under fresh review, the Board's determination survives. *See id.*

The Board correctly found that Chiquirin did not establish hardship to Anabeti. It reasoned that Anabeti's mental health concerns would be ameliorated under either of two scenarios. On the one hand, if Anabeti moved to Guatemala with her father, her mental health issues would subside because they would be together. On top of that, Chiquirin had family in Guatemala, and there was little evidence that Anabeti would encounter diminished educational opportunities there. On this record, the Board rightly reasoned Anabeti would not suffer hardship substantially beyond the norm. *See In re Andazola-Rivas*, 23 I. & N. Dec. 319, 323 & n.1 (B.I.A. 2002) (rejecting diminished educational opportunities claim); *Singh*, 984 F.3d at 1154–55 (same).

On the other hand, if Anabeti stayed with her mother in the United States, she could continue to receive counseling and stay in her current school. Counseling had helped her in the past, the Board pointed out, indicating that her mental health concerns were not insurmountable. And Anabeti would face no other hardships (beyond separation from her father) if she remained in the United States. As the Board properly concluded, these facts foreclosed a hardship finding. *See Araujo-Padilla v. Garland*, 854 F. App'x 646, 651 (6th Cir. 2021) (rejecting hardship based on depression); *Garcia-Lopez v. Garland*, No. 21-3263, 2021 WL 5782375, at *3 (6th Cir. Dec. 7, 2021) (similar).

Chiquirin's objections to this decision fall short. He raises several factual challenges about the cause of Anabeti's post-traumatic stress disorder, the severity of her symptoms, and the counseling's effect on her mental health. But we lack authority to review such factual findings. *Singh*, 984 F.3d at 1155.

Chiquirin points out that the Board did not find that Anabeti's hardship would be eliminated by staying in the country or leaving. But that is not the correct standard. *Cf. Monreal-Aguinaga*, 23 I. & N. Dec. at 62. All removal leads to some hardship. Chiquirin's view would transform cancellation of removal from an occasional remedy into an everyday occurrence.

Chiquirin claims that the immigration judge and the Board did not consider hardship in the aggregate. But the Board said it considered Chiquirin's "assertions and arguments on appeal." A.R. 3. It concluded based on the "record evidence" that the immigration judge had "properly determined" that Chiquirin did not establish the required level of hardship. *Id.* at 4. The immigration judge likewise recognized that "all hardship factors should be considered in the aggregate." *Id.* at 74. These statements suffice to show that the agency considered all of the

hardship factors together. *See Araujo-Padilla*, 854 F. App'x at 650–51; *Francisco-Diego v. Garland*, No. 21-3870, 2022 WL 1741657, at *5 (6th Cir. May 31, 2022).

*Discretionary denial.* Even if this were not the case, Chiquirin would come up short for an independent reason: the Board's separate discretionary denial of his application.

In exercising its discretion, the Board weighed the positive and negative factors of Chiquirin's case as required under its precedent. *E.g.*, *In re Sotelo-Sotelo*, 23 I. & N. Dec. 201, 203 (B.I.A. 2001). As the Board saw it, the "significant adverse factor[]" of Chiquirin's criminal history outweighed the "positive factors" of his family ties, relationship with his daughter, work history, property ownership, recent sobriety, church attendance, and counseling. A.R. 5. Chiquirin in the last analysis "did not establish that he merit[ed] a grant of cancellation of removal as a matter of discretion." *Id.* We lack authority to review this exercise of discretion, *Singh*, 984 F.3d at 1149, in the absence of a constitutional or legal issue implicated by it, 8 U.S.C. § 1252(a)(2)(D).

Chiquirin claims to identify both types of problems—a constitutional and a legal flaw—with the Board's discretionary decision. But we don't see it.

Begin with the constitutional claim. The Board misapplied its own standard of review, Chiquirin argues, by finding facts different from those found by the immigration judge. But the premise does not hold up. The factual findings in truth match each other. *Compare* A.R. 4 (noting Anabeti might move to Guatemala or stay in the United States), *with id.* at 77 (same); *compare id.* at 3 (explaining Anabeti's mental health issues started after her father went to jail), *with id.* at 70–72 (same); *compare id.* at 4 (finding that moving Anabeti to Guatemala reduces hardship), *with id.* at 76–77 (same). Even if that were not the case, moreover, Chiquirin never explains how this mismatch problem would sink to the level of a constitutional error—a due process violation, as he puts it. In fact, he has a mismatch problem of his own. He never explains how this concern violates

due process, say by establishing an arbitrary and unreasoned decision or by showing a decision without sufficient process. An allegedly incorrect decision does not by itself establish a due process problem.

What the Board spelled out as its explanation for its decision does not sound in due process either. As he acknowledges, the Board denied his application for cancellation of removal on discretionary grounds. That is not a cognizable due process problem by itself. *See Ortiz-Cervantes v. Holder*, 596 F. App'x 429, 432 (6th Cir. 2015). At bottom, Chiquirin attempts to squeeze factual grievances into a due process container. That does not escape the bar on our review of discretionary decisions.

Turn to the legal error. In a variation on a theme, Chiquirin takes several factual arguments and argues they add up to a legal error. But our circuit has never embraced this approach, leaving Chiquirin with yet another unreviewable factual challenge. *See Singh*, 984 F.3d at 1149.

We deny the petition.